IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY DONNELL BUCKLEY, §<br>   #492185, §<br>               PETITIONER, §<br>§<br>V. § CIVIL CASE NO. 3:19-CV-537-N-BK<br>§<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>               RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Billy Donnell Buckley's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I.    BACKGROUND**

In 1988, a jury found Buckley guilty of burglary of a building and assessed punishment at 50 years' confinement. *Buckley v. State*, No. F88-82855-I (Crim. Dist. Ct. No. 2, Dallas Cty., Tex., 1988), *aff'd*, No. 05-88-01060-CR (Tex. App.—Dallas, Nov. 28, 1990). He was released on mandatory supervision/parole, but his parole was revoked on August 14, 2017, and his motion

---

[1] *See* Rule 4(b) of the Rules Governing Section 2254 Proceedings Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

to reopen parole hearing was denied on October 30, 2017. Buckley unsuccessfully sought state habeas relief. *Ex parte Buckley*, No. WR-43,677-05 (Tex. Crim. App. Feb. 20, 2019) (denied without order).[2] On March 5, 2019, he filed this federal habeas petition, challenging the revocation of his parole. Doc. 3.

As his federal petition appeared untimely, the Court directed Buckley to respond regarding the application of the one-year limitations period, which he has now done. Doc. 8. Having now reviewed all the pleadings, the Court concludes that the petition is barred by the applicable statute of limitations.

## II.    ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). "Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions." *Stone v. Thaler,* 614 F.3d 136, 138 (5th Cir. 2010). Under that section, the one-year limitations period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D)). In the context of parole-revocation proceedings, the one-year period commences on the date of the parole revocation. *Heiser v. Johnson*, 263 F.3d 162, 1001 WL 803542, *2-3 (5th Cir. June 8, 2011) (unpublished)

---

[2] The state habeas docket sheet is available on the Texas Court of Criminal Appeals website at http://search.txcourts.gov/Case.aspx?cn=WR-43,677-05&coa=coscca (last accessed November 18, 2019).

(concluding the latest a petitioner could or should have been aware of his claims was when the BPP revoked his parole or mandatory supervision).

In this case, Buckley indicates his parole was formally revoked on August 14, 2017. Doc. 3 at 13; Doc. 8 at 4. Absent any tolling, his federal habeas corpus petition was due on August 14, 2018. But Buckley did not sign his federal petition until February 27, 2019, more than six months later.³ Doc. 3 at 14.

In an attempt to excuse his delay, Buckley asserts that (1) he timely petitioned the Board of Pardons and Parole (BPP) to reopen his parole revocation hearing on August 24, 2017, (2) the BPP denied his motion to reopen on October 30, 2017, and (3) he did not receive notice of the denial until February 14, 2018. Doc. 8 at 4; Doc. 8 at 8-9 (BPP's correspondence confirming filing of motion to reopen, date of denial, and mailing of second notice of denial). As legal support, Buckley references a BPP rule that provides that "[t]he releasee ... shall have 60 days from the date of the board panel's revocation decision to submit a written request for reopening a case for any substantial error in the revocation process or upon newly discovered information." 37 Tex. Admin. Code § 146.11(a). However, to the extent Buckley suggests that his motion to reopen the parole hearing constitutes "other collateral review" under Section 2244(d)(2) and that the limitations period should be tolled on that basis, his argument is unpersuasive.

Statutory tolling is appropriate any time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

³ For purposes of this recommendation, the federal petition is deemed filed on February 27, 2019, the date Petitioner certifies placing it in the prison mail system. Doc. 3 at 14; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

pending[.]" 28 U.S.C. § 2244(d)(2).  Moreover, a state law that "impedes a prisoner's ability to file for state habeas relief can serve to toll the AEDPA's limitations period.  *Stone*, 614 F.3d at 138 (citing *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009)).  However, the limitations period is not tolled while a petitioner pursues a state remedy that is *unnecessary* for filing a state habeas application.  *Wion*, 567 F.3d at 148.

Here, neither Section 146.11(a) nor any other Texas law requires a prisoner to file a motion to reopen with the BPP before he can file a state habeas application challenging his parole revocation.  *See Aleman v. Thaler*, No. C–11–379, 2012 WL 2732270 (S.D. Tex. June 13, 2012) ("[N]othing in § 146.11 makes such a request to reopen a pre-condition for filing a state habeas application."); *cf. Johnson v. Quarterman,* No. 4:08-CV-461-A, 2009 WL 1659643 (N.D. Tex. June 11, 2009) (unpublished) ("[W]hile a prisoner who wishes to challenge a parole revocation may request that the Board reopen the revocation hearing, he is not required to do so and may immediately challenge the revocation by filing a state application for writ of habeas corpus." (citations omitted)).  Thus, the pendency of Buckley's discretionary motion to reopen does not toll the one-year limitations period.

Additionally, because Buckley did not sign his state application until October 25, 2018, more than two months after the limitations period expired on August 14, 2018, he is not entitled to statutory tolling. [4]  See 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.

---

[4] The state application is deemed filed on October 25, 2018, the date on which Buckley indicated it was signed and, therefore, likely it was also handed to prison officials for mailing.  *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *see also Ex parte Buckley*, No. W8882855B, *Application for Writ of Habeas Corpus* (Crim. Dist. Court No. 2, Dallas Cty., Tex., filed Oct. 30, 2018), available at http://courtecom.dallascounty.org/publicaccess/ (last visited November 18, 2019).

2000). Consequently, this federal habeas action, deemed filed on February 27, 2019, is clearly outside the one-year limitations period, absent equitable tolling.

### B. Equitable Tolling

Buckley's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). *Menominee Indian Tribe of Wis. v. United States*, — U.S. —, 136 S. Ct. 750, 756 (2016) (reaffirming "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

This also is not a case in which Buckley pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he wasted the entire one-year federal limitations period and waited more than 14 months after his parole was revoked to file his state habeas application. That Buckley erroneously believed that the period for filing began to run only after his motion to reopen the parole revocation hearing was denied is of no moment. Neither Buckley's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes

Page **5** of **7**

of equitable tolling.  See *Felder*, 204 F.3d at 171 ("[P]proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Consequently, Buckley has not met his burden to establish that equitable tolling is warranted in this case.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III.　CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

**SO RECOMMENDED** on November 27, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).